STATE OF NORTH CAROLINA v. RANDALL RAY KELLEY

No. 8322SC229

(Filed 15 November 1983)

1. **Automobiles and Other Vehicles § 121— "operating" vehicle with blood alcohol content of .10%—sufficiency of evidence**

   The State's evidence was sufficient to show that defendant "operated" a vehicle so as to support his conviction of driving with a blood alcohol content of .10% or more by weight where it tended to show that an officer observed defendant seated behind the steering wheel of a car with the engine running; there was no one else in the car; and defendant made a statement admitting his operation of the car.

2. **Automobiles and Other Vehicles § 122— emergency strip adjacent to interstate highway—part of highway**

   The operation of a vehicle on the emergency strip adjacent to an interstate highway constituted the operation of the vehicle on a "highway" so as to support the conviction of defendant for driving with a blood alcohol content of .10% or more by weight.

APPEAL by defendant from *Walker (Russell), Judge.* Judgment entered 11 January 1983 in Superior Court, IREDELL County. Heard in the Court of Appeals 27 October 1983.

Defendant was charged with driving with a blood alcohol content of .10 percent or more by weight. He was convicted of this offense following a trial de novo in Superior Court and sentenced to six months imprisonment, suspended for two years on specified terms and conditions. From this judgment defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Aimee A. Toth, of Counsel to Harris & Pressly, for defendant, appellant.*

HEDRICK, Judge.

At the outset we note defendant's failure to comply with Rule 28, North Carolina Rules of Appellate Procedure, in the organization of his brief. Defendant's violation of Rule 28 has increased considerably the difficulty of our task in evaluating appellant's arguments. Despite this difficulty, we have given full and fair consideration to those assignments of error not waived

by appellant, and we conclude that the defendant had a fair trial free from prejudicial error.

The following facts are uncontroverted: On 28 August 1982 at approximately 1:20 a.m. a State Trooper observed defendant's vehicle parked on an emergency strip of Interstate 40. The engine was running and the car's flashers were on. On approaching the car, the officer observed defendant slumped over the steering wheel. When tapping on the window failed to elicit a response, the officer opened the car door and physically shook the defendant. The officer testified that he detected a strong odor of alcohol, and that defendant "was very unsteady on his feet." The officer arrested the defendant, who stated to the officer that he had been returning home from a club prior to pulling off the road. Subsequent testing indicated a blood alcohol level of .15.

In his first three assignments of error defendant challenged the sufficiency of the evidence to support the verdict. Specifically, defendant argues that there was insufficient evidence of two elements of the offense: first, that defendant "operated" the vehicle, and second, that his operation was "upon any highway or any public vehicular area." *See* N.C. Gen. Stat. Sec. 20-138(b).

[1] N.C. Gen. Stat. Sec. 20-4.01(25) defines "operator" as "[a] person in actual physical control of a vehicle which is in motion or which has the engine running." We believe that in the present case there was ample evidence from which the jury could infer that defendant had "operated" the vehicle while in an intoxicated condition. The officer observed defendant seated behind the steering wheel of the vehicle, with the car engine running. There was no one else in the car. Defendant made a statement admitting his operation of the vehicle. Plainly there was sufficient evidence on this point to support the jury's verdict.

[2] Turning to defendant's remaining contention, that there was insufficient evidence of his operation of the car on a "highway," we note the statutory definition of the word:

> The entire width between property or right-of-way lines of every way or place of whatever nature, when any part thereof is open to the use of the public as a matter of right for the purposes of vehicular traffic. . . .

N.C. Gen. Stat. Sec. 20-4.01(13). We think it clear that the emergency strip adjacent to interstate highways falls within the literal language of this definition. Our conclusion is buttressed by the definition of "roadway" contained in N.C. Gen. Stat. Sec. 20-4.01(38): "That portion of a highway . . . ordinarily used for vehicular travel, exclusive of the shoulder. . . ." *See also Smith v. Powell, Comr. of Motor Vehicles,* 293 N.C. 342, 346, 238 S.E. 2d 137, 140 (1977): "The definition of 'highway' in G.S. 20-4.01(13) is . . . to be construed so as to give its terms their plain and ordinary meaning."

Defendant also assigns error to the trial court's instructions to the jury on the issues discussed above. Rule 10(c) of the North Carolina Rules of Appellate Procedure states:

> The exceptions upon which a party intends to rely shall be indicated by setting out at the conclusion of the record on appeal assignments of error based upon such exceptions. . . . Exceptions not thus listed will be deemed abandoned. . . .

Our examination of the record reveals neither exceptions nor assignments of error relating to the court's charge to the jury. Furthermore, the record indicates that defendant did not object to instructions concerning the meaning of "public highway," as is required by Rule 10(b)(2). We thus find that defendant has waived his right to raise this issue on appeal.

No error.

Judges HILL and BECTON concur.